PER CURIAM.
This is an appeal from the trial judge’s order denying appellant’s motion for relief pursuant to CrPR 1.8S0, 33 F.S.A.
Defendant was convicted pursuant to a jury trial of murder in the first degree in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County on January 18, 1967. His case was appealed to the Supreme Court of Florida and the conviction was affirmed, Fla., 205 So.2d 298. He subsequently filed in forma pauperis his petition for relief pursuant to CrPR 1.850. The trial judge heard the petition without petitioner being present, although he was represented by his appointed public defender.
Following the hearing the public defender appealed the denial and urges that the trial judge erred in denying petitioner’s motion without petitioner being present, and that petitioner was prejudiced when one of the attorneys representing him absented himself from the courtroom during the process of the trial.
We have reviewed the record and the briefs in this cause and find that the trial judge committed no error in the denial of petitioner’s motion for relief under CrPR 1.850. The rule itself provides:
“A court may entertain and determine such motion without requiring production of the prisoner at the hearing.”
In King v. State, Fla.App.1963, 157 So.2d 440, we pointed out that the prisoner should only be returned for his testimony at a hearing when there are substantial issues of fact as to events in which the prisoner participated. No such showing was made in the instant case and no useful purpose would have been served in returning the prisoner for the hearing. The trial judge heard argument from the public defender and the assistant state attorney on each of the nineteen allegations set forth in petitioner’s petition for relief, and upon hearing and consideration of each allegation made the trial judge denied the relief and properly so.
The fact that one of the attorneys representing the petitioner in his original trial left the courtroom before the final conclusion and the return of the verdict does not support the proposition that he was prejudiced. The true test is whether or not petitioner was represented by competent counsel. There was no charge that counsel was incompetent, although the public defender was advised by the trial judge that he would entertain and hear evidence of such charge. None was made and therefore we cannot say that the petitioner was not represented at his trial by competent counsel which after all is the test.
For the foregoing reasons the order is affirmed.
HOBSON, C. J., and LILES and MANN, JJ., concur.