Ramon Luis **RIVERA**, #033341,
Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Florida Division of Corrections,
Respondent-Appellee.

No. 73–2982
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Jan. 17, 1974.

the 30 percent line, which is itself arbitrary, to a position slightly more favorable to the taxpayer.

\* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Ramon Luis Rivera, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Barry Scott Richard, Joel D. Rosenblatt, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

We affirm the denial of this state prisoner's petition for writ of habeas corpus for the reasons set forth in Chief District Judge Charles B. Fulton's Order of Dismissal attached hereto as an appendix. See Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); Ward v. United States, 486 F. 2d 305 (5th Cir. 1973) [Oct. 18, 1973, No. 73–2049].

## APPENDIX

### ORDER OF DISMISSAL

Ramon Luis Rivera has filed a Petition for a Writ of Habeas Corpus attacking a twenty year sentence imposed on February 4, 1972, in the Circuit Court in and for the Eleventh Judicial Circuit of Florida, Dade County, Florida. The sentence was imposed after a trial by jury resulted in a guilty verdict for the crime of second degree murder.

As grounds for relief the petitioner alleges as follows:

(1) The petit jury which tried his case was selected pursuant to a procedure which systematically excluded qualified persons solely on the basis of race, religion, sex, age, economic and social factors.

(2) Prospective jurors were excluded from jury service solely on the basis of their general objections to the imposition of the death penalty.

The petitioner's conviction was appealed to the District Court of Appeal, Third District of Florida, which affirmed the conviction. Rivera v. State, 270 So.2d 62 (Fla.App.3rd, 1972). (Examination of the record on appeal reveals that the petitioner's present claims for relief were presented on the direct appeal. Therefore, the petitioner has fully exhausted his state remedies. See McCluster v. Wainwright, 453 F.2d 162 (5th Cir., 1972).

In State v. Silva, 259 So.2d 153 (Fla., 1972), the Florida Supreme Court ruled that the method employed in Dade County, Florida for the selection of petit juries systematically excluded qualified persons solely on the basis of race, religion, sex, age, economic and social fac-

tors. This condemned method was employed at the time that the petitioner's trial jury was selected. The Florida Supreme Court, however, refused to give retroactive effect to its ruling when it stated:

"Although we are required to hold that there were arbitrary exclusions in the selection of the jurors, those who have been convicted can receive no comfort from this decision. A challenge to the panel, or challenge to the array, is used to question the selection or drawing of prospective jurors. Such a challenge must be made and decided before any independent juror is examined, unless otherwise ordered by the Court. FRCrP Rule 3.300, 33 F.S.A. Such an objection comes too late after verdict and has no place in a motion for new trial or in arrest of judgment. By going to trial before a jury without any objections, a defendant waives all irregularity in the drawing, summoning and impaneling of such jurors. Green v. State, 60 Fla. 22, 53 So. 610 (1910); Lake v. State, 100 Fla. 386, 129 So. 833 (1930); 14 F.L.P., Jury, § 111; 20 Fla.Jur., Juries, § 68." *Id.* at 158.

■ It is clear from the face of the state court record, that the petitioner did not comply with Florida Criminal Procedure Rule 3.300, 33 F.S.A., and, therefore, under *Silva,* he waived his right to attack the petit jury selection process. If this waiver meets federal constitutional standards then the petitioner would be precluded from asserting his present claim in this federal habeas corpus proceeding.

■ Recently in Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 [decided April 17, 1973] the United States Supreme Court ruled that absent a showing of "cause", the failure of a federal defendant to attack the composition of the federal grand jury that indicted him by motion before trial pursuant to Rule 12(b)(2), Federal Rules of Criminal Procedure constitutes a valid waiver of that claim. Florida's Rule 3.300 is identical to its counterpart, the Federal Rule 12(b)(2). If a federal prisoner is deemed to have waived his constitutional right to attack the grand jury selection process by failing to assert a claim pursuant to Rule 12(b)(2) certainly no principle relative to the Great Writ of Habeas Corpus compels the conclusion that a state prisoner stands in any better position. *Davis,* requires the conclusion that the petitioner here has waived his right to attack the petit jury selection process by failing to comply with Florida Rule 3.300, and by failing to allege any "cause" for noncompliance.

For these reasons it is clear that the petitioner is precluded from presenting his claim in this regard, to this federal court.

■ With regard to the petitioner's second claim, he relies on the principles enunciated by the Supreme Court of the United States in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Examination of that decision, however, makes it clear that in view of the fact that the death penalty. was not imposed in the petitioner's case, he suffered no prejudice even assuming a *Witherspoon,* violation. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

For these reasons, it is thereupon

Ordered and adjudged that the Petition for Writ of Habeas Corpus be and the same is hereby denied.

Done and ordered at Miami, Florida, this 18 day of June, 1973.

/s/ CHARLES B. FULTON
Chief United States District Judge