**Bill R. MARLIN, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Respondent-Appellee.**

No. 73-3503

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1974.

Bill R. Marlin, pro se.

Joel Rosenblatt, Linda C. Hertz, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of federal habeas corpus relief to Marlin, a Florida state prisoner. We affirm.

After unsuccessfully challenging his conviction on direct criminal appeal, Marlin v. State, Fla.App.1972, 268 So.2d 548, Marlin filed a habeas petition in the court below raising the same contentions as were rejected by the state court. As grounds for relief, Marlin alleged: (1) he was deprived of a fair trial by certain prejudicial remarks made by the prosecutor during the closing argument, as well as by the trial judge's refusal to strike the testimony of one witness; and (2) the jury panel from which Marlin's jury was selected was illegally constituted under the Florida Supreme Court's pronouncement in State v. Silva, Fla.1972, 259 So.2d 153.

Marlin's first contention does not present error of constitutional magnitude. Bryant v. Caldwell, 5 Cir. 1973, 484 F.2d 65; Buchannon v. Wainwright, 5 Cir. 1973, 474 F.2d 1006.

As to the second contention, the district court held that Marlin was precluded from attacking the composition of his jury for failure to timely object to the jury array.[1] The court concluded that under Davis v. United States, 1973, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Counsel for Marlin made an objection to the jury array immediately following its selection. The Florida appellate court found that this did not meet the requirements of Rule 3.300, Fla.Cr.P.R., 33 F.S.A., which requires that the objection be in writing and filed prior to examination of any prospective juror.

216, the failure to timely object must be construed as a waiver of any future challenge to the jury selection. We agree. Rivera v. Wainwright, 5 Cir. 1974, 488 F.2d 275 [No. 73–2982, January 17, 1974].

Affirmed.