**47**

**Donald JONES, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 73-3274
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 15, 1974.

---

Donald Jones, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Spec. Asst. Dist. Atty., Gretna, La., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

After exhausting state remedies Jones sought federal habeas corpus on the ground that the Louisiana grand and petit juries that indicted, tried, and convicted him were unconstitutionally constituted. Adopting the magistrate's recommendation in which Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), was cited, the District Court refused to grant the writ, because petitioner had raised the jury makeup objections after trial rather than before trial as required by Louisiana rules. We affirm on the basis of Davis, Marlin v. Florida, 489 F.2d 702 (CA5, 1974), and Rivera v. Wainwright, 488 F.2d 275 (CA5, 1974).

Davis held that under F.R.Crim.P. 12(b), a federal criminal defendant who fails to raise objections to grand jury makeup before the beginning of trial is thereafter properly deemed to have waived them. A majority of the Court held inapplicable the principles developed in earlier cases [1] that when the government claims waiver it must bear a heavy burden of showing a deliberate bypass or understanding and knowing waiver.

Louisiana procedures and the facts of petitioner's particular situation justify applying Davis in this case. The Louisiana Code of Criminal Procedures states:

B. A motion to quash shall be filed at least three judicial days before commencement of trial . . . when based on any of the following grounds:

\* \* \* \* \* \*

(2) The general venire or the petit jury venire was improperly drawn, selected, or constituted . . . .

\* \* \* \* \* \*

D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions.

La.C.Cr.P. Art. 535(B)(2), (D). The critical moment under these provisions for grand and petit jury objections comes just three days earlier than the critical moment for grand jury objec-

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. *E. g.*, Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

tions identified by the federal rule considered in *Davis*. Moreover, as in *Davis, Marlin,* and *Rivera,* the petitioner was represented by counsel (whose competency is not challenged) before his particular critical moment arrived.[2]

We have considered petitioner's other claims and conclude they are without merit.

Affirmed.

---

2. Petitioner was indicted August 26, 1969; counsel was appointed in March 1970; the trial began June 22, 1970.

