Eric **MORRIS** and Riley Sanders, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

**L. B. SULLIVAN, etc., et al.,**
**Defendants-Appellees.**

**No. 73–3110.**

United States Court of Appeals,
Fifth Circuit.

July 19, 1974.

Rehearing and Rehearing En Banc
Denied Oct. 11, 1974.

Ralph Knowles, Jr., University, Ala., Laughlin McDonald, Charles Morgan, Jr., Atlanta, Ga., for plaintiffs-appellants.

William J. Baxley, Atty. Gen., William A. Golinsky, Asst. Atty. Gen., Montgomery, Ala., Herbert H. Henry, Asst. Atty. Gen., Birmingham, Ala., for defendants-appellees.

Before BELL, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Did Morris and Sanders (Petitioners) waive their claims of systematic discrimination in the selection of grand and petit jurors by failing to raise them prior to their filing of the instant consolidated federal habeas corpus case?[1]

Sanders was convicted in 1964 of murder in the Bessemer division of Jefferson County, Alabama, but the death sentence he received then has been amended to life imprisonment as a result of Furman v. Georgia, 408 U.S. 238, 92 S.Ct.

[1]. The case was originally filed as a class action seeking declaratory relief but was treated by the district court as two individual habeas petitions and consolidated. The petitioners do not challenge this treatment by the district court on this appeal.

2726, 33 L.Ed.2d 346 (1972); and he is presently serving this sentence. Morris, convicted in 1968 in the Bessemer division, is serving a life sentence for murder and a 10-year sentence for burglary. Based upon Salary v. Wilson, 415 F.2d 467 (5th Cir. 1969), in which we held that the method of compiling the grand and petit jury rolls and jury boxes used in the Bessemer division during a time period including the years when petitioners were indicted and convicted, violated constitutional proscriptions,[2] the court below found that both petitioners had proved a *prima facie* case of jury discrimination which the State of Alabama had failed to rebut. However, although both were represented by counsel neither challenged the means of selecting grand or petit jurors prior to trial as required by Alabama decisional law, *see e. g.,* Ex parte Seals, 271 Ala. 622, 126 So.2d 474 (1961), and Hamilton v. State, 283 Ala. 540, 219 So.2d 369 (1969). Although the State did not prove that this omission was the result of a deliberate tactical decision by either petitioner, the district judge found that this court-fashioned Alabama procedural rule should be given the same preclusive effect for purposes of federal habeas corpus as was given to Fed.R.Crim.P. 12(b)(2) by Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). Recent cases in this circuit dictate our affirmance.

Pre *Davis,* the rule in this circuit had been that a jury discrimination claim barred by a state procedural timeliness rule could be presented initially on federal habeas corpus absent proof by the state of a Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), deliberate bypass, a conscious, knowing and strategic waiver. *See, e. g.,* Hamilton v. Watkins, 436 F.2d 1323 (5th Cir. 1970); Labat v. Bennett, 365 F.2d 698 (5th Cir. 1966); Cobb v. Balkcom, 339 F.2d 95 (5th Cir. 1964), and Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964). *Davis* refused to place upon the United States any burden to show a knowing and understanding waiver and held that a claim of grand jury discrimination would be waived for purposes of collateral relief under 28 U.S.C. § 2255, if not raised before trial as required by Rule 12(b)(2), unless the petitioner made a showing of cause for not presenting it. Post *Davis,* this circuit has consistently held the *Davis* rule to be applicable to state court grand *and* petit jury discrimination claims.[3] *See* Jones v. Henderson, 494 F.2d 47 (5th Cir. 1974); Marlin v. Florida, 489 F.2d 702 (5th Cir. 1974), and Rivera v. Wainwright, 488 F. 2d 275 (5th Cir. 1974).[4] The Alabama rule applicable to the instant case embodies the same timeliness requirements as Rule 12(b)(2) for challenges to the selection of both grand and petit jurors.

Petitioners did not allege that their court-appointed attorneys were incompetent, *see* Jones v. Henderson, *supra;* that the jury discrimination was covert and undiscoverable, or that any other form of "cause" for the omission existed, *see* Wells v. Wainwright, 488 F.2d 522 (5th Cir. 1973). In sum, petitioners failed to carry the burden, prescribed by *Davis* and by this court's line of authorities applying *Davis* to state waiver cases, of demonstrating facts or circumstances that would justify waiver relief. The proceedings conducted in the court below afforded them an ample opportunity to present such evidence.[5]

---

2. *See also* Billingsley v. Clayton, 359 F.2d 13 (5th Cir.), cert. denied, 385 U.S. 841, 87 S. Ct. 92, 17 L.Ed.2d 74 (1966).

3. Although *Davis* involved only a grand jury issue, the Supreme Court extensively relied upon Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963), which denied both grand and petit jury claims.

4. Two district courts in the fourth circuit have followed a different course. *See* Hairston v. Cox, 361 F.Supp. 1180 (W.D.Va.), and Guzewicz v. Slaton, 366 F.Supp. 1402 (E.D.Va.1973).

5. An evidentiary hearing was originally set for April 16, 1973 but was continued until April 27, 1973 upon motion by the State of Alabama. *Davis* was decided on April 17,

At oral argument, petitioners urged that their failure to allege, or seek to prove, cause was due to their reliance upon pre *Davis* cases. Such a reliance reflects a miscalculation of law, not fact.[6] Petitioners having failed timely to raise their jury discrimination claims, or to show cause why they were not timely raised, we affirm the district court's finding of waiver.

Affirmed.

1973. The hearing was again continued until May 23, 1973. Although the state presented affidavits of four blacks who had been on Morris' petit jury and of two who had been on the grand jury at about the time of his indictment, neither party elected to present formal evidence and the hearing was ultimately cancelled.

6. The record discloses that in his order of May 21, 1973 cancelling a scheduled evidentiary hearing because neither party wished to present evidence, the Magistrate expressly requested the parties to address themselves to the effect of *Davis* on the instant case.