Richard VAN EATON, Jr., A–004413,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Adult Corrections, State of Florida, etc., Respondent-Appellee.

No. 73–2888.

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1975.

Paul T. Marks, Tampa, Fla. (Court-appointed), for petitioner-appellant.

Richard C. Booth, Asst. Atty. Gen., Warren H. Peterson, Asst. St. Atty., Davis G. Anderson, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before RIVES, GEWIN and GOLD-BERG, Circuit Judges.

RIVES, Circuit Judge:

This appeal was argued and submitted on the same day as McCloud v. Wainwright, 5 Cir. 1975, 508 F.2d 853, also decided today. The two cases present for decision similar, if not identical, questions of law. Each appellant is a Florida State prisoner who, having exhausted his state remedies, filed in a federal district court a petition for habeas corpus which was denied on the grounds that, by his failure to object prior to trial, the petitioner had waived his rights to object to the composition of the grand jury which indicted him and of the petit jury which found him guilty.

On January 28, 1966, an indictment charging Van Eaton with murder in the first degree was returned by the grand jury then sitting in Pinellas County, Florida. On July 21, 1966, the state trial court appointed counsel to represent Van Eaton. The case was set for trial on

January 16, 1967.[1] After extensive voir dire examination of the jurors, the case was tried, and the jury returned a verdict finding him guilty of murder in the first degree without a recommendation of mercy.[2] The judgment of conviction was affirmed in Van Eaton v. State, Fla. 1967, 205 So.2d 298. Van Eaton then filed a pro se petition in the trial court for habeas corpus or for relief under Rule 1, then Fla.R.Crim.P. 3.850 (SRC 1),[3] which was denied. The judgment denying relief was affirmed by the Florida District Court of Appeal for the Second District. Van Eaton v. State, Fla.App.1969, 226 So.2d 265. Van Eaton next filed a petition for habeas corpus in the federal district court. On September 28, 1971, the district judge ordered that the petition "is hereby assigned to the United States Magistrate at Tampa, Florida." The magistrate appointed counsel to represent Van Eaton. Pretrial investigations and proceedings consumed about one year. During that year, the Supreme Court of Florida held that the jury composition method employed in Dade County, Florida, since 1966 was constitutionally infirm, but noted that:

"Although we are required to hold that there were arbitrary exclusions in the selection of the jurors, those who have been convicted can receive no comfort from this decision. A challenge to the panel, or challenge to the array, is used to question the selection or drawing of prospective jurors. Such a challenge must be made and decided before any independent juror is examined, unless otherwise ordered by the Court. FRCrP Rule 3.300, 33 F.S.A. Such an objection comes too late after verdict and has no place in a motion for new trial or in arrest of judgment. By going to trial before a jury without any objections, a defendant waives all irregularity in the drawing, summoning and impaneling of such jurors." State v. Silva, 1972, 259 So.2d 153, 158.

On October 28, 1972, pursuant to stipulation of counsel, the magistrate set November 13, 1972, as a date for hearing before the magistrate, and, in that order,

"ORDERED and ADJUDGED that based upon a review of the entire file, including the deposition of Lorraine B. McNevin filed herein, I find that the petitioner has established, prima facie, that the jury selection method employed by Pinellas County, Florida officials to select the grand and petit juries, which indicted and tried petitioner, was violative of petitioner's right to due process and a fair trial. Accordingly, the burden will be upon the respondent, if he is able, to establish at the evidentiary hearing, that the jury selection method did not deprive petitioner of his federally protected rights."[4]

The evidentiary hearing to be held November 13, 1972 was continued until November 27, 1972. At that time the magistrate inquired whether either party had further evidence to submit, and counsel for both parties replied in the negative. Instead, each side submitted a memorandum on the law. Attached to the respondent's memorandum was an affidavit of the Deputy Clerk of the Circuit Court of Pinellas County, Florida. Van Eaton's counsel moved to strike that affidavit and in support submitted his own affidavit to the effect that the evidence had been closed and, if reopened, he desired to cross-examine the Deputy Clerk. The magistrate made no ruling on the

1. The evidence on trial disclosed that Van Eaton shot and killed a man sitting with Van Eaton's wife at the rear of an abandoned gas station. Van Eaton's wife was wounded. She and Van Eaton are black. The victim was white.

2. The death sentence was later changed to life imprisonment.

3. Van Eaton's appointed counsel was then permitted to withdraw and the Public Defend-
er was appointed to represent him. Van Eaton had not attacked before trial the composition of the venire from which the grand jurors and petit jurors in his case had been drawn, but he did so in this post-conviction petition.

4. The witness Lorraine B. McNevin was Supervisor, Court Records Department for the Clerk's Office, Clerk of the Circuit Court, Pinellas County, Florida.

motion, nor on the evidence. Instead, on May 9, 1973, the magistrate filed his "Report and Recommendation," as follows:

"Petitioner, Richard Van Eaton, Jr., claims that he was indicted and tried by juries which were composed in violation to federal constitutional standards. Based on a review of the entire file and evidence adduced at evidentiary hearing, I find that petitioner went to trial without making any objection to jury composition.

"Petitioner's constitutional claim relative to the jury composition was waived by his failure to make timely pretrial objection. See: Florida Criminal Procedure Rule 3.330, formerly Rule 1.300, Florida Statutes § 913.01; Florida Statutes, § 905.05; Frazier v. State, 107 So.2d 16 (Fla.19___); State v. Silva, 250 [sic] So.2d 153 (Fla.1972). In view of the recent Supreme Court decision in the case of Davis v. United States, [411] U.S. [233], No. 71–6481, decided April 17, 1973, it is apparent that petitioner has waived his objection to the composition of the juries which indicted and convicted him. Accordingly, it is not necessary to reach the merits of petitioner's claim.

"I recommend that the petition be dismissed.

"This 9th day of May, 1973.

PAUL GAME, JR.
PAUL GAME, JR.
UNITED STATES MAGISTRATE"

The district judge then dismissed Van Eaton's petition for habeas corpus by the following order:

"THIS CAUSE came on for consideration upon the petition for writ of habeas corpus filed by a state prisoner, Richard Van Eaton, Jr., pro se, in forma pauperis. Petitioner claims that he was indicted and tried by juries which were composed in violation to [sic] federal constitutional standards.

"This matter was considered by the United States Magistrate pursuant to general order of assignment, who appointed counsel for the indigent petitioner and scheduled an evidentiary hearing. The Magistrate has filed his report recommending dismissal. His report is approved and confirmed and by reference made a part hereof.

"Based on a review of the entire file and evidence adduced at the evidentiary hearing, the Magistrate found that petitioner went to trial without making any objection to jury composition. Petitioner's constitutional claim relative to the jury composition was waived by his failure to make timely pretrial objection. See: Florida Criminal Procedure, Rule 3.330, formerly Rule 1.300; Florida Statutes § 913.01; Florida Statutes § 905.05; Frazier v. State, 107 So.2d 16 (Fla.19___); State v. Silva, 250 [sic] So.2d 153 (Fla.1972). In view of the recent Supreme Court decision in the case of Davis v. United States, [411] U.S. [233], No. 71–6481, it is apparent that petitioner has waived his objection to the composition of the juries which indicted and convicted him.

"Accordingly, upon consideration of the report and recommendation of the United States Magistrate and upon the Court's independent examination of the file, the petition for writ of habeas corpus is hereby dismissed.

"DONE and ORDERED at Tampa, Florida, this 11th day of May 1973.

Wm. Terrell Hodges
UNITED STATES DISTRICT JUDGE"

(Record on Appeal, p. 23.) This appeal ensued.

We by-pass the "evidentiary hearing" which was aborted by the magistrate's "Report and Recommendation," because the magistrate ultimately did no more than is permitted by 28 U.S.C. § 2243 and the pertinent section of the Federal Magistrate Act, now appearing as 28 U.S.C. § 636(b)(3), as construed in Wingo v. Wedding, 1974, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed. 879, *i.e.*, report and recommend "as to whether there should be a hearing." The question before this Court is whether the district court erred

in approving the magistrate's report and accepting his recommendation that the petition be dismissed. We reverse and remand for further proceedings consistent with this opinion.

Clearly the change of pace from the planned evidentiary hearing to outright dismissal was precipitated by the Supreme Court's *Davis* decision, cited by the magistrate and by the district judge. That decision had preceded the magistrate's recommendation by only three weeks. At that time it was not clear that the *Davis* decision had any application to a *state* prisoner seeking *federal* habeas corpus. Arguably, jury discrimination claims by state prisoners continued to be controlled by the rule stated in such cases as the two now relied on by Van Eaton's counsel, *viz*: Hamilton v. Watkins, 5 Cir. 1970, 436 F.2d 1323, and Harris v. Brewer, 8 Cir. 1970, 434 F.2d 166. That rule is more succinctly stated in the latter case at page 168:

> "It has been settled law since Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), that a state prisoner who may have procedurally forfeited his right in the state courts to raise federal constitutional claims does not similarly forfeit his right in federal court, unless he has deliberately and knowingly waived the same. It is further well settled that whether or not a petitioner has 'waived' his right to raise a federal claim is a federal question to be decided by federal standards."

■ It has now become settled law in the Fifth Circuit, whether or not in other Circuits, that, if a State has adopted a rule the same in effect as that applied in *Davis*,[5] then that rule should be applied by a federal court in considering a claim of discrimination in the composition of a state court grand jury or petit jury.[6]

*Rivera* and *Marlin*, cited in footnote 6, *supra*, involved Florida state prisoners, and this Court in effect held the Florida rule applicable because the rule as then construed by the Florida courts embodied the same timeliness requirements as provided by Federal Rules of Criminal Procedure 12(b)(2) and applied in *Davis, supra*. That federal rule reads as follows:

> "*Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding."

The parts of that rule most pertinent to this case are those providing that (1) the motion required to be filed before trial "shall include all such defenses and objections *then available* to the defendant" (emphasis added); and (2) "the court for *cause shown* may grant relief from the waiver" (emphasis added). See *Davis, supra*, 411 U.S. at 243, 244, 93 S.Ct. 1577.[7]

■ Van Eaton asserts that his failure timely to raise his jury discrimination

---

**5.** Davis v. United States, 1973, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216.

**6.** Rivera v. Wainwright, 5 Cir. 1974, 488 F.2d 275; Marlin v. Florida, 5 Cir. 1974, 489 F.2d 702; Jones v. Henderson, 5 Cir. 1974, 494 F.2d 47; Newman v. Henderson, 5 Cir. 1974, 496 F.2d 896, reh. and reh. en banc den. Oct. 7, 1974; Morris v. Sullivan, 5 Cir. 1974, 497 F.2d 544, reh. and reh. en banc den. Oct. 11, 1974; see also Wells v. Wainwright, 5 Cir. 1973, 488 F.2d 522.

**7.** Without those provisions, it may be doubted whether the Congress could create such a conclusive presumption of waiver in federal habeas corpus proceedings. "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S.Const. Art. 1, § 9, cl. 2.

claims is excusable for cause. The District Court did not inquire into the evidence regarding this "for cause" excuse, however. Since Van Eaton has sufficiently exhausted his state court remedies, Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929,[8] we remand to the federal District Court for an evidentiary hearing on the issue of whether the plaintiff-petitioner had "cause" for the delay in challenging the composition of the grand jury and of the petit jury.[9] If, after such hearing, the District Court decides that Van Eaton has sustained his burden to show that he did not waive his constitutional objections, that court should, if necessary, take further evidence and determine whether Van Eaton's federal constitutional rights have been violated. In any event, the District Court should enter an appropriate final judgment based on its findings of facts and its conclusions of law.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

**8.** Van Eaton's remedial exhaustion in the state courts was completed before the Florida Supreme Court held in *Silva, supra,* that the post-1966 Dade County juries were illegally constituted. This factor does not require us to dispatch Van Eaton to the Florida courts for another try, however. Francisco v. Gathright, 1974, 419 U.S. 59, 95 S.Ct. 257, 42 L.Ed.2d 226.

**9.** Our court has held it permissible in state prisoner cases to show such "cause" in the federal court. Morris v. Sullivan, *supra,* 497 F.2d at 545; Wells v. Wainwright, *supra,* 488 F.2d at 523.