**P. C. McCLOUD, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director of Corrections, State of Florida, Respondent-Appellee.**

No. 73–3408.

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1975.

Natalie Baskin, Miami, Fla. (court-appointed), for petitioner-appellant.

Stephen V. Rosin, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RIVES, GEWIN and GOLDBERG, Circuit Judges.

RIVES, Circuit Judge:

■ The decision of this appeal is controlled by Van Eaton v. Wainwright, 5 Cir. 1975, 508 F.2d 849, decided contemporaneously. McCloud was arrested on March 13, 1967, and has ever since been confined. The Dade County, Florida grand jury was selected in April, 1967, sworn in May, and on June 8 it returned an indictment charging McCloud with rape.[1] On June 15, 1967, the court appointed counsel to represent McCloud on his trial. Counsel filed pretrial motions but no pretrial challenge was made to the composition of either the grand jury or the petit jury. The petit jury was selected after the appointment of counsel. On November 15, 1967, the jury found McCloud guilty as charged, but with a recommendation of mercy. Later the court sentenced him to life imprisonment. On June 3, 1969, the State District Court of Appeal affirmed the judgment and sentence. McCloud v. State, Fla.App., 223 So.2d 394. McCloud filed two pro se motions in the state trial court for post-conviction relief. The first was filed in November, 1969, and was denied on June 22, 1970. That motion did not challenge the composition of the grand jury or of the petit jury. The second motion to vacate was filed on April 13, 1972, and moved for release "on the grounds that Negroes were systematically excluded from the grand jury, the trial jury were discriminatory against the movant," among other grounds. The motion thereafter alleged at some length:

"The movant contends that his constitutional rights were violated and was denied due process of law and equal protection of the law when Negroes were systematically excluded from the Grand Jury during time that the movant was indicted. See:

"Scott v. Walker, 358 F.2d 561 (1966). Cobb v. Balkcom, 5th Cir. (1964), 339 F.2d 95. It has long been settled that a Negro defendant in a criminal case is entitled to indictment by a Grand Jury and trial before a traverse jury from which Negroes have not been arbitrarily and systematically excluded. A conviction cannot stand where such is extablished [sic] for it constitutes a denial of due process and of the equal protection of the law."[2]

This second motion to vacate was heard on May 30, 1972, supplemented on October 3, 1972, and denied by the state trial court on November 27, 1972. The judgment of denial was affirmed on May 1, 1973, by the District Court of Appeal, Third District, in a brief per curiam opinion. McCloud v. State, Fla.App., 277 So.2d 42.

On June 12, 1973, McCloud filed a pro se petition for habeas corpus in the United States District Court for the Southern District of Florida. His allegations as to the composition of the grand jury and of the petit jury are crude but sufficient to invoke federal jurisdiction. See 28 U.S.C. § 2242.

The pen and ink allegations made on the mimeographed form petition included the following:

"Negroes were systematically excluded from the grand jury. The trial jurys were selected and chosen in a discrimination [sic] manner." (Record on Appeal, p. 3.)

The District Court on August 28, 1973, dismissed McCloud's petition for habeas corpus without any evidentiary hearing.

1. As developed on trial, both McCloud and the victim are black.

2. This case illustrates the need for the well-established practice of giving a liberal construction to pro se habeas corpus pleadings. See authorities collected in Limmie West, III v. Louisiana, 5 Cir. 1973, 478 F.2d 1026, 1030.

There is a probability that the claimed defenses and objections as to the composition of the grand jury and of the petit jury were not available to McCloud before his trial, that the "jury discrimination was covert and undiscoverable" (Morris v. Sullivan, 5 Cir. 1974, 497 F.2d 544, 545) except by a more extensive investigation and study than was available to McCloud. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion and with the opinion in Van Eaton v. Wainwright, *supra*.

Reversed and remanded.