**Thomas EGGLESTON, Jr.,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 73–4005.

United States Court of Appeals,
Fifth Circuit.

May 29, 1975.

---

Hugh Shelly Lowe, Austin, Tex. (Court appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS, Associate Judge.*

SIMPSON, Circuit Judge:

We review the district court's denial of habeas corpus relief sought on grounds that the Bexar County, Texas, grand jury which indicted the petitioner for murder with malice was selected in a manner that resulted in underrepresentation of identifiable minority groups and of women in violation of the due process and equal protection clauses of the United States Constitution.

The petitioner, a black man, Thomas Eggleston, was indicted by a Bexar County, Texas, grand jury on February 23, 1966, for murder with malice. He was convicted in a jury trial upon his not guilty plea and was sentenced to confinement for 99 years. The Texas Court of Criminal Appeals affirmed, Eggleston v. State, Tex.Cr.App.1967, 422 S.W.2d 460.

Eggleston's first federal habeas corpus petition was denied September 30, 1968, for failure to exhaust available state remedies, Title 28, U.S.C. § 2254(b). On December 17, 1968, Eggleston's counsel filed a petition for writ of habeas corpus with the convicting Bexar County state court. Counsel represents—and the record contains nothing to the contrary—that this petition was never ruled upon.

It was not until Eggleston filed a pro se petition for habeas relief in the con-

* Of the United States Court of Claims, sitting by designation.

victing court that the allegations germane to this appeal were first raised.[1] The trial court denied Eggleston's pro se petition without written order and the Texas Court of Criminal Appeals affirmed without written opinion on March 8, 1972.

Eggleston thereupon filed pro se a petition in the federal district court seeking habeas corpus relief on grounds (i) that the system for selecting grand juries and jury commissioners in Bexar County at the time of his indictment was unconstitutional because it tended to exclude members of identifiable minority groups; and (ii) that the grand jury which indicted Eggleston and the petit jury which tried and convicted him were likewise constitutionally tainted. An amended petition filed on Eggleston's behalf by court-appointed counsel dropped the petit jury claims, and enlarged the basis for the grand jury claims to allege that women had been systematically excluded from serving on Bexar County grand juries.

The district court dismissed Eggleston's petition on the ground that federal habeas relief is unavailable to a state prisoner alleging unconstitutional grand jury selection, thus deciding the question expressly left open by the Supreme Court in Parker v. North Caroli-

na, 1970, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, and Tollett v. Henderson, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235.[2] The district court concluded that the finding of guilt beyond a reasonable doubt by the unchallenged petit jury vitiated the claim of exclusion in the selection of the grand jury, on the following theory:

[I]n the context of the criminal process, after a defendant has been convicted, exclusion must be viewed in light of the fact that guilt has been shown beyond a reasonable doubt. And thus, by definition, exclusion must be viewed in light of the fact that probable cause to indict existed. Viewed in this light, therefore, it is difficult to perceive "how discrimination in the selection of a grand jury, illegal though it be, has prejudiced a defendant whom a trial jury, chosen with no discrimination, has convicted." Cassell v. Texas, 339 U.S. 282, 301 [70 S.Ct. 629, 94 L.Ed. 839] (1949) (Jackson, J. dissenting). Rather, it is clear in a habeas corpus proceeding, after the petitioner has been convicted, that the exclusion of persons from state grand jury service cannot be harmful error. See United States ex rel. Goldsby v. Harpole, 263 F.2d 71 (5th Cir. 1959). [Footnote omitted].[3]

1. Both his direct appeal and his first habeas petitions in state and federal court had alleged various errors not relevant hereto.

2. In *Tollett* the Court expressly reserved the question "whether grand jury exclusion might be raised on federal habeas after a plea of not guilty and trial by jury." 411 U.S. at 260 n. 1, 93 S.Ct. at 1605 n. 1, 36 L.Ed.2d at 239 n. 1.

3. The language in Mr. Justice Jackson's dissent in Cassell v. Texas, impliedly approved by us as "sound" in *Harpole*, was as follows:

It is obvious that discriminatory exclusion of Negroes from a trial jury does, or at least may, prejudice a Negro's right to a fair trial, and that a conviction so obtained should not stand. The trial jury hears the evidence of both sides and chooses what it will believe. In so deciding, it is influenced by imponderables—unconscious and conscious prejudices and preferences—and a thousand things we cannot detect or isolate in its verdict and whose influence we cannot weigh. A single

juror's dissent is generally enough to prevent conviction. A trial jury on which one of the defendant's race has no chance to sit may not have the substance, and cannot have the appearance, of impartiality, especially when the accused is a Negro and the alleged victim is not.

The grand jury is a very different institution. The States are not required to use it at all. Hurtado v. People of State of California, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]. Its power is only to accuse, not to convict. Its indictment does not even create a presumption of guilt; all that it charges must later be proved before the trial jury, and then beyond a reasonable doubt. The grand jury need not be unanimous. It does not hear both sides but only the prosecution's evidence, and does not face the problem of a choice between two adversaries. Its duty is to indict if the prosecution's evidence, unexplained, uncontradicted and unsupplemented, would warrant a conviction. If so, its indictment merely puts the accused to trial.

We cannot agree with the conclusion reached by the district court. Whatever logic may inhere in that court's approach is overridden by the unequivocal language of the Supreme Court in Alexander v. Louisiana, 1972, 405 U.S. 625, 628, 92 S.Ct. 1221, 1224, 31 L.Ed.2d 536, 540–541:

> For over 90 years, it has been established that a criminal conviction of a Negro cannot stand under the Equal Protection Clause of the Fourteenth Amendment if it is based on an indictment of a grand jury from which Negroes were excluded by reason of their race. Strauder v. West Virginia, 100 U.S. 303 [25 L.Ed. 664] (1880); Neal v. Delaware, 103 U.S. 370 [26 L.Ed. 567] (1881). Although a defendant has no right to demand that members of his race be included on the grand jury that indicts him, Virginia v. Rives, 100 U.S. 313 [25 L.Ed. 667] (1880), he is entitled to require that the State not deliberately and systematically deny to members of his race the right to participate as jurors in the administration of justice.[8] Ex parte Virginia, 100 U.S. 339 [25 L.Ed. 676] (1880); Gibson v. Mississippi, 162 U.S. 565 [16 S.Ct. 904, 40 L.Ed. 1075] (1896). Cf. Hernandez v. Texas, 347 U.S. 475 [74 S.Ct. 667, 98 L.Ed. 866] (1954). It is only the application of these settled principles that is at issue here. [Footnote omitted]

To the extent that United States ex rel. Goldsby v. Harpole, 5 Cir. 1959, 263 F.2d 71, cert. denied 1959, 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78, reflects a contrary view, that view is not binding and must be rejected, and the district court's denial on these grounds of relief to the petitioner must be overturned.

This does not end the matter. On appeal the respondent urges affirmance of the district court's denial of habeas relief on the basis that Eggleston, by not raising the jury discrimination issue at trial or on direct appeal from conviction, waived his right to assert that claim by collateral attack. See Vernon's Ann. Tex.Code Crim.Proc. art. 19.27.[4] The respondent argues alternatively that the habeas petition was due to be dismissed below for Eggleston's failure to exhaust available state remedies as to the asserted exclusion of women from the grand jury system.

Eggleston's counsel on appeal seeks a remand for consideration on the merits of his claim with regard to exclusion of women and identifiable minority groups from the grand jury system. He further seeks leave to amend his petition below

---

The difference between the function of the trial jury and the function of the grand jury is all the difference between deciding a case and merely deciding that a case should be tried.

It hardly lies in the mouth of a defendant whom a fairly chosen trial jury has found guilty beyond reasonable doubt, to say that his indictment is attributable to prejudice. In this case a trial judge heard the prosecution's evidence, ruled it sufficient to warrant a conviction, appellate courts have held the same, and no further question about it is before us. Moreover, a jury admittedly chosen without racial discrimination has heard the prosecution's and defendant's evidence and has held that guilt beyond a reasonable doubt has been proved. That finding, too, has been affirmed on appeal and is not here. Under such circumstances, it is frivolous to contend that any grand jury, however constituted, could have done its duty in any way other than to indict.

339 U.S. at 301–02, 70 S.Ct. at 638–39, 94 L.Ed. at 854–55.

4. Art. 19.27 provides as follows:

> Before the grand jury has been impaneled, any person may challenge the array of jurors or any person presented as a grand juror. In no other way shall objections to the qualifications and legality of the grand jury be heard. Any person confined in jail in the county shall upon his request be brought into court to make such challenge. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Texas courts have upheld on direct appeal denial of motions to quash indictments on grounds of exclusion of persons of a certain race from the grand jury where no challenge was brought until after trial and conviction, see e. g. Valadez v. State, Tex.Cr.App.1966, 408 S.W.2d 109, but it is not apparent from the reported decisions how Texas courts would treat such a challenge in a habeas corpus proceeding. It seems logical to assume that one tardy challenge situation would govern the other.

so that the petit jury exclusion issue may again be placed before the district court.

■ We think that a remand to the district court for further proceedings is in order for two reasons, both related to our policy to discourage piecemeal litigation of habeas corpus claims in the federal courts. Hargrett v. Wainwright, 5 Cir. 1973, 474 F.2d 987, 988. In the first place there is the question whether the petitioner has exhausted available state remedies with regard to the claimed exclusion of women from the grand jury system. If the district court concludes that there has been no such exhaustion, remand to state courts would be appropriate, subject to the qualifications of Title 28, U.S.C. § 2254(b). Secondly, inasmuch as remand is necessary so that the trial court may consider that matter, the petitioner should have an opportunity to amend his petition so as to bring the petit jury exclusion issue before the district court for hearing and determination. Eggleston's counsel asserted at oral argument that the petitioner strongly desired to make such an amendment. The district court, in its order of December 6, 1973, denying the petitioner's Motion for Rehearing, Amendment and Additional Findings, stated expressly that its disposition of the grand jury exclusion claim was without prejudice to Eggleston's right to re-assert his contentions regarding the selection of the petit jury. When steps are taken, the court will have before it for disposition each of petitioner's claims on the merits.

■ There is a further issue remaining that must be resolved by the district court on remand if petitioner's claims are advanced in conformity with the foregoing discussion. That issue is whether the petitioner has waived his right under state law to challenge the composition of the grand jury under the provisions of Tex.Code Crim.Proc. art. 19.27, note 4, *supra*, and if so, whether and to what extent such a finding of waiver on state procedural grounds. af-

fects the petitioner's right to seek habeas relief in federal court. See, e. g. Tollett v. Henderson, supra; Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Dumont v. Estelle, 5 Cir. 1975, 513 F.2d 793; Van Eaton v. Wainwright, 5 Cir. 1975, 508 F.2d 849; McCloud v. Wainwright, 5 Cir. 1975, 508 F.2d 853.

The judgment of the district court is vacated and the cause remanded for further proceedings consistent herewith.

Vacated and remanded.