Thomas James WRIGHT, Petitioner-Appellant,

v.

Louis L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 74–4166
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1976.

Thomas James Wright, pro se.

Lance R. Stelzer, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner whose conviction for rape in the year 1968 was affirmed, *Wright v. State,* 223 So.2d 112 (Fla.App. 1969), seeks federal habeas corpus relief. He alleges that his conviction was the result of an illegal search and seizure, the use of perjured testimony by the prosecution, and that blacks were systematically excluded from the grand jury that indicted him and the petit jury that convicted him. The district court dismissed the appellant's petition and we affirm.[1]

With regard to appellant's contention that blacks were systematically excluded from Florida juries at the time of his trial, a careful review of the record indicates that no objection regarding the selection of either the grand or petit jury was made at or prior to trial as required by Florida Rule of Criminal Procedure 3.290, 34 F.S.A. (1975). Failure to make such an objection constitutes a waiver of any irregularities in the jury selection procedure.[2]

1. Our decision in this case was postponed pending the decision of the Supreme Court in *Francis v. Henderson,* —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149, 44 U.S.L.W. 4620 (1976).

2. The rights of states as well as the federal government to enforce a rule of practice requir-

ing an attack on juries at the time of trial and conviction has long been recognized and constitutes an adequate state ground precluding appellate review in appropriate cases. *Parker v. North Carolina,* 397 U.S. 790, 798, 90 S.Ct. 1458, 1462, 25 L.Ed.2d 785, 792–93 (1970); *Arnold v. Wainwright,* 516 F.2d 964 (5th Cir.

In *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Supreme Court denied collateral relief under 28 U.S.C. § 2255 to a federal prisoner, who, absent a showing of "cause" and actual prejudice, failed to make a timely challenge to an allegedly improperly selected grand jury. Recently, *Davis* was extended to cover state prisoners seeking federal habeas corpus relief. *Francis v. Henderson,* —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149, 44 U.S.L.W. 4620 (1976), *affirming* 496 F.2d 896 (5th Cir. 1974). In *Francis,* the Supreme Court said:

> In a collateral attack upon a conviction [*Davis*] requires . . . not only a showing of "cause" for the defendant's failure to challenge the composition of the grand jury before trial, but also a showing of actual prejudice.

*Id.* at ——, 96 S.Ct. at 1711, 44 U.S.L.W. at 4622. *See* prior decisions in this circuit: *Dumont v. Estelle,* 513 F.2d 793 (5th Cir. 1975); *Rivera v. Wainwright,* 488 F.2d 275 (5th Cir. 1974); *State v. Silva,* 259 So.2d 153 (Fla.1972).

We recognize that appellant's petition is before this court *pro se,* and therefore must be most liberally construed in his favor, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but we find no allegation or showing of either "cause" or actual prejudice. Absent such an allegation or showing, the objection is deemed to have been waived.[3]

We have carefully reviewed the record and briefs and conclude that appellant's contentions as to the alleged illegal search and seizure [4] and the use of perjured testimony are without merit. The order of the district court dismissing the petition is AFFIRMED.

---

1975). Moreover, the Supreme Court has recently held that the writ of habeas corpus will not be granted by federal courts to review an allegedly denial of constitutional rights in all circumstances. *Francis v. Henderson, supra; Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 48 L.Ed.2d ——, 19 CrL 3333 (1976). In *Stone* the Court made the following comment with respect to its holding in *Francis v. Henderson:*

> In construing broadly the power of a federal district court to consider constitutional claims presented in a petition for writ of habeas corpus, the Court in *Fay* also reaffirmed the equitable nature of the writ, noting that "[d]iscretion is implicit in the statutory command that the judge . . . 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243." 372 U.S., at 438 [83 S.Ct. at 848]. More recently, in *Francis v. Henderson,* —— U.S. —— [96 S.Ct. 1708, 48 L.Ed.2d 149] (1976), holding that a state prisoner who failed to make a timely challenge to the composition of the grand jury that indicted him cannot bring such a challenge in a post-conviction federal habeas corpus proceeding absent a claim of actual prejudice, we emphasized:
> "This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to

forego the exercise of its habeas corpus power. See *Fay v. Noia,* 372 U.S. 391, 425–426 [83 S.Ct. 822, 841–842, 9 L.Ed.2d 837, 860–861]."
*Id.* —— U.S. at ——, 96 S.Ct. at 3044, 48 L.Ed.2d at —— n. 11, 19 CrL at 3336 n. 11.

3. "The presumption of prejudice which supports the existence of the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner." *Davis v. United States,* 411 U.S. 233, 245, 93 S.Ct. 1577, 1584, 36 L.Ed.2d 216, 226 (1973).

4. In *Stone v. Powell, supra,* the Supreme Court concluded, "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* —— U.S. at ——, 96 S.Ct. at 3045, 19 CrL at 3341 (footnotes omitted). In the case *sub judice* appellant was afforded such an opportunity by the State, and his objections raised in the trial court resulted in the suppression of the challenged evidence. Thus, appellant's claim in this regard can certainly provide no basis for relief.