First degree murder; sentence: life imprisonment.
The appellant raises only one issue on appeal, and it does not concern the facts in the case. After the State and defense had rested and made their closing arguments, the defendant moved to dismiss his attorney. The appellant made various statements in the presence of the jury which might have had a tendency to prejudice him in the eyes of the jury. The trial judge denied the appellant's motion, and he also denied the appellant's motion for a mistrial.
The appellant's attorney out of the presence of the jury stated to the court that the dispute arose from his decision not to allow the appellant to testify. He stated that the decision had been discussed and made months before trial and that the appellant had not objected until immediately before the trial judge was to give the oral charge. Counsel based his decision upon the fact that the appellant had previously been convicted of a crime involving moral turpitude, i.e. selling narcotics, and had served time in the penitentiary. Counsel and appellant's father believed appellant would be impeached with such and it would severely prejudice him with the jury.
The trial judge was very complimentary of appellant's counsel's performance at trial, and the record discloses that appellant's counsel performed his task adequately. The trial judge also instructed the jury to ignore the appellant's outbursts, and he was assured they would do as instructed.
 I
It is within the trial court's sound discretion to refuse to allow a defendant to dismiss his attorney after the trial has commenced. Hamilton v. State, 270 Ala. 184, 116 So.2d 906
(1960), reversed on other grounds, 368 U.S. 52, 82 S.Ct. 157,7 L.Ed.2d 114 (1961). Such a rule is especially efficacious in the present case where the trial was, with the exceptions of the jury charge, complete. A contrary rule would allow a defendant to postpone a decision and sentence indefinitely.
The appellant, with the knowledge that he would not be allowed to testify, had ample opportunity to dismiss his counsel before trial, but he chose not to do so. Faretta v.California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) is, therefore, inapplicable to the present case.
 II
As to the appellant's contention that a mistrial should have been declared, we hold that one cannot purposefully create grounds for a mistrial by deliberately causing a disturbance during the trial. See Illinois v. Allen, 397 U.S. 337,90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Such a conclusion is obviously necessary, otherwise a defendant faced with imminent conviction could disrupt the trial, prejudice himself in the jury's eyes and, therefore, be entitled to another trial.
We will not condone such and thus will not allow a defendant to benefit from his own misconduct in the courtroom. The trial judge here acted in a judicious and completely proper manner, and we find no error on his part in denying the motion for a mistrial.
AFFIRMED.
All the Judges concur except CATES, P.J., not sitting. *Page 1144