Arthur Bernard **HAYES**, Petitioner,

v.

**STATE OF ALABAMA, and Joseph A. Oliver, Warden, et al., Respondents.**

No. 79–0572–C.

United States District Court, S.D. Alabama.

May 19, 1983.

Donald J. Stewart, Cabaniss, Johnston, Gardner, Dumas and O'Neal, Mobile, Ala., for petitioner.

Charles A. Graddick, Atty. Gen. of the State of Ala., and P. David Bjurberg, Asst. Atty. Gen. of the State of Ala., Montgomery, Ala., for respondents.

## MEMORANDUM OPINION AND ORDER

EMMETT RIPLEY COX, District Judge:

This action is brought pursuant to 28 U.S.C.A. § 2254 (West 1982) seeking habeas corpus relief from a sentence of life imprisonment imposed by the Circuit Court of Mobile County, Alabama under Ala.Code § 13–1–74 (1975). The matter is now before the court on the motion filed by the petitioner for a determination of the necessity of an evidentiary hearing, and respondents' motions to dismiss and for summary judgment.

1. *State Procedural History.* The petitioner, Arthur Bernard Hayes, a Black man, was indicted by the Grand Jury of Mobile County on May 23, 1975, for the murder of one Herman Lee Forrest, Sr., also a Black man. Hayes was tried before a Mobile County petit jury on January 7 and January 8, 1976, and found guilty of first degree murder.

The petitioner appealed the conviction to the Court of Criminal Appeals of Alabama which affirmed by a published opinion. *Hayes v. State,* 340 So.2d 1142, 1143 (Ala. Cr.App.), *cert. denied,* 340 So.2d 1144 (Ala. 1976). The issues presented in this petition were not before the Alabama courts in the petitioner's direct appeal.

On January 12, 1979, Hayes filed a petition for writ of error coram nobis in the Circuit Court of Mobile County. Relying on *Preston v. Mandeville,* 479 F.2d 127 (5th Cir.1979), the petitioner asserted for the first time that the jurors which indicted and tried him were unconstitutionally selected because the selection procedures systematically excluded Blacks. Petitioner alleged that the Mobile County Jury Commission did not comply with the mandate of *Preston* and subsequent implementation orders issued by the district court pursuant to *Preston.* Additionally, Hayes alleged in his coram nobis petition that neither he nor his attorney knew or could have known about the *Preston* decision. In a letter dated June 1, 1978, and admitted as evidence in the coram nobis proceedings, Hayes' lawyer indicated that he was not aware of the *Preston* decision at the time of trial but that notwithstanding this fact he would have nevertheless excluded Blacks because "black jurors are harder on black defendants than white jurors are" when the crime involves only "black on black confrontation." The Circuit Court of Mobile County, Alabama held an evidentiary hearing on January 12, 1979, at which the petitioner was represented by counsel. He was afforded an opportunity to offer such evidence as he chose to offer. At the conclusion of the hearing the Circuit Court denied the petition without comment. Petitioner appealed on March 22, 1979, and the Court

of Criminal Appeals subsequently denied relief on the petition without opinion.

Hayes' original petition before this court asserted four grounds for relief: (1) the illegal composition of the grand jury which indicted him and the petit jury which tried him; (2) ineffective assistance of counsel; (3) cruel and unusual punishment; and (4) a faulty indictment. Pursuant to the court's order granting leave to amend the petitioner amended his original petition to delete grounds (2) and (3). The grounds for relief presently asserted are: ground (1), illegal jury composition; and ground (2), a faulty indictment.

In the state coram nobis hearing the petitioner testified and the trial record reflects that the defense did not challenge the composition of the grand and petit juries prior to or during the trial. There is no allegation in the petition before the court that indicates the racial composition of the juries which indicted and tried Hayes. Hayes did not attack the validity of the indictment on appeal or in a coram nobis proceeding.

2. *Exhaustion.* The respondents argue in their motions to dismiss and for summary judgment that the petitioner has failed to adequately exhaust his state remedies as required by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

As to the jury issue, petitioner alleges and respondents admit that the petitioner has exhausted all of his state remedies.

■ The only ground for relief not alleged by the petitioner to have been exhausted is ground (4) which asserts that a faulty indictment was issued by the grand jury. This ground is not subject to the exhaustion requirement for two reasons. First, the time for appeal of the state conviction has expired. *See* Ala.R.App.P. 4. Second, the ground is not assertible as a ground for relief in any postconviction proceeding in Alabama. *See Price v. Holman,* 279 Ala. 324, 184 So.2d 835 (1966) (habeas corpus); *Butler v. State,* 279 Ala. 311, 184 So.2d 823 (1966) (writ of error coram nobis). *See generally Postconviction Remedies in Alabama,* 29 Ala.L.Rev. 617 (1978).

3. *Necessity For An Evidentiary Hearing.* In *Huffman v. Wainwright,* 651 F.2d 347 (5th Cir.1981) (Unit B), the Fifth Circuit remanded a case similar to the instant case because the record was not sufficient on certain determinative points. The district court was instructed to conduct an evidentiary hearing to "determine (1) whether there was an adequate challenge to the jury venire before trial; (2) whether the challenge was waived on state appeal; (3) whether, if the challenge was inadequate, there was cause for the failure to challenge; and (4) if so, whether prejudice resulted from the asserted constitutional defect." *Id.* at 349. The court is of the opinion that the response to each of the first three inquiries advanced in *Huffman* is in the negative, and therefore need not reach the fourth. The record before this court is sufficient to address the petitioner's claims and no evidentiary hearing is required.

4. *Procedural Default.* If the state decision was on the merits, not based on procedural grounds, then the district court must also reach the merits. *E.g., Thompson v. Estelle,* 642 F.2d 996 (5th Cir.1981). The comity considerations underlying the Supreme Court precedents require the court to look to Alabama law to determine what the state courts have done in the instant case. *See Henry v. Wainwright,* 686 F.2d 311, 314 (5th Cir.1982) (Unit B). This is a necessary and accepted analysis in habeas cases. *See County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 149–51, 99 S.Ct. 2213, 2220–22, 60 L.Ed.2d 777 (1979).

It would be a far simpler inquiry in this case if the state courts had made an explicit finding of procedural default. Having said that, however, the absence of such specific findings does not preclude such a holding. The court has no doubt that the petitioner was denied relief in the state courts because of his procedural default.

In *Ratcliff v. Estelle,* 597 F.2d 474 (5th Cir.1979), *cert. denied,* 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1980), the state court found that a procedural default foreclosed a challenge to the composition of the grand jury which indicted him. Even though the state court then proceeded to consider and deny the challenge on the merits, the Fifth Circuit held that a federal court must deny relief without reaching the merits because of the procedural default. *Id.* at 476; *see e.g., Chenault v. Stynchcombe,* 581 F.2d 444, 447 (5th Cir.1978) (relying on state statute to find procedural default in jury composition challenge where record did not indicate basis of state ruling); *Dennis v. Hopper,* 548 F.2d 589, 590 (5th Cir.1977) (jury composition) (relying solely on prior state case law, court denied relief where petitioner committed procedural default); *Wright v. Wainwright,* 537 F.2d 224, 226 (5th Cir.1976) (where issue not raised in state proceedings) (jury composition); *Dumont v. Estelle,* 513 F.2d 793, 796 (5th Cir.1975) (state courts denied challenge to jury composition without opinion; federal relief denied relying on fact that state courts consistently found procedural default in similar circumstances).

In Alabama a motion to quash is the proper way to challenge an indictment and trial venire on the grounds of intentional racial discrimination. *Thomas v. State,* 277 Ala. 570, 173 So.2d 111 (1965). If the objection is not timely raised, a procedural default occurs. *Sanders v. State,* 42 Ala. App. 419, 167 So.2d 174, 180 (1964); Ala. Code §§ 15–15–40, –41 (1977). Where the state court would not pass on the merits because of procedural default and the states have consistently so ruled, it is not necessary to present the issue to the state court prior to consideration by a district court. *See e.g., Henry v. Wainwright,* 661 F.2d 56 (5th Cir.1981); *Rummel v. Estelle,* 587 F.2d 651 (5th Cir.1978); *Johnson v. Hall,* 465 F.Supp. 516 (D.Mass.1979).

On this record there are four circumstances which cause the court to conclude that the state courts rejected the petitioner's claims on procedural grounds.

First, Alabama has consistently held that a defendant is precluded from asserting on appeal that the juries were unconstitutionally selected where objection is not made at trial as required by Alabama procedure. *E.g., Van Antwerp v. State,* 358 So.2d 782,

791 (Ala.Cr.App.), *cert. denied,* 358 So.2d 791 (Ala.1978). In the petitioner's coram nobis application, it was stipulated that the record in the case of *Malloy v. State,* 357 So.2d 671 (Ala.Cr.App.), *cert. denied,* 357 So.2d 674 (Ala.1978), be admitted as evidence in the instant case. The facts in *Malloy* are indeed similar to those before the court today. There the Alabama courts ruled that the petitioner's failure to raise proper objections to the composition of the juries prior to trial "constituted a waiver of his right to do so." *Malloy,* 357 So.2d at 674. *See also Ball v. State,* 252 Ala. 686, 42 So.2d 626, 631 (1949). In *Malloy* the defendant first raised the jury issue in a motion for a new trial. In the instant case the petitioner first raised the jury issue in his coram nobis proceeding.

█ Second, a review of the record indicates that the arguments advanced by petitioner's counsel in the state coram nobis proceedings were designed to excuse the procedural default. In Alabama, a motion challenging the composition of the juries filed after commencement of the trial must allege, and proof must be made, that the grounds for the motion were not known before the time of trial, or that they could not have been known by the exercise of due diligence. *Williams v. State,* 342 So.2d 1328, 1329 (Ala.1977). The decision in *Preston v. Mandeville,* was announced in 1973 and Judge Hand's implementation order was issued on December 16, 1975. The petitioner's trial was in January of 1976. This is precisely the situation presented to the Alabama courts in *Malloy* where the defendant's procedural default was not excused. Indeed, the petitioner's own attorney in the coram nobis proceedings wrote to the Court of Criminal Appeals and stated that the appeal was without merit because of that court's recent opinion in *Malloy.* *See County Court of Ulster Cty. v. Allen,* 442 U.S. 140, 152, 99 S.Ct. 2213, 2222, 60 L.Ed.2d 777 (1979) (following this analysis).

Third, it is well settled that an Alabama court will not reach a constitutional question if it can rest its decision on other grounds. *See Rainey v. Ford Motor Credit Co.,* 294 Ala. 139, 313 So.2d 179 (1975). *Ratcliff v. Estelle,* 597 F.2d at 478, holds that this is a proper consideration in determining the basis for a state court ruling.

█ Fourth, there is no question but that the state courts correctly applied Alabama law on the procedural issue. *See Ratcliff v. Estelle,* 597 F.2d at 478. To have reached the merits would have been an incorrect application of Alabama law. This court should not assume that the state courts incorrectly applied state law.

5. *Cause and Prejudice.* In *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the Supreme Court held that a showing of cause and actual prejudice is required in cases involving untimely challenges to the composition of the indicting grand jury. *See Oliphant v. Koehler,* 594 F.2d 547, 555 (6th Cir.1979) (petit jury); *Evans v. Maggio,* 557 F.2d 430 (5th Cir. 1977). In *Lumpkin v. Ricketts,* 551 F.2d 680, 682 (5th Cir.1977), the Fifth Circuit was faced with a situation that is very similar to the case at bar. The court held that since, under state law, failure to challenge the jury before trial results in a waiver of any such challenge, then, the petitioner must show cause and prejudice within the meaning of *Francis v. Henderson* and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See also Evans v. Maggio,* 557 F.2d at 433–34 (jury issue waived where petitioner failed to assert claim in state proceedings); *Wright v. Wainwright,* 537 F.2d 224, 226 (5th Cir. 1976) (per curiam) (same).

If a state has adopted a rule the same in effect as that applied in *Francis,* then that rule should be applied by the district court in considering such a claim. *Van Eaton v. Wainwright,* 508 F.2d 849, 852 (5th Cir. 1975); *see Johnson v. Riddle,* 562 F.2d 312, 314 (4th Cir.1977) (failure to timely object to jury composition under state law barred federal relief); *Dennis v. Hopper,* 548 F.2d 589, 590 (5th Cir.1977) (per curium) (same).

Hayes must satisfy the "cause and prejudice" test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Sykes* the United States Supreme Court

held that a habeas corpus petitioner must show "cause and prejudice" in order to advance claims in federal court that are barred from consideration in the state courts by a valid procedural rule. This requirement was recently reaffirmed in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

While the Supreme Court has not explicitly defined cause and prejudice, the precedents in this circuit have defined " 'cause' sufficient to excuse a procedural default in light of the determination to avoid a 'miscarriage of justice.' " *Ford v. Strickland,* 696 F.2d 804, 817 (11th Cir.1983); *Huffman v. Wainwright,* 651 F.2d at 351. "Prejudice means 'actual prejudice' " which in this case must result from the failure to comply with the state's contemporaneous objection rule. *See Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Ford v. Strickland,* 696 F.2d at 817.

 Ineffective assistance of counsel is asserted by the petitioner as "cause" for not raising this claim at trial as required by Alabama procedure. In *Sullivan v. Wainwright,* 695 F.2d 1306 (11th Cir.1983), the Eleventh Circuit held that "an allegation of ineffective assistance of counsel is not sufficient to satisfy the 'cause' requirement." *Id.* at 1311, *quoting Washington v. Estelle,* 648 F.2d 276, 278 (5th Cir.1981). Hayes' argument that the default is excused because of ineffective counsel must fail. The Fifth Circuit stated under these circumstances that: "This assertion must be rejected, . . . , for, if accepted would effectively eliminate any requirement of showing cause at all. [A petitioner] would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction." *Washington v. Estelle,* 648 F.2d at 278. A careful review of the record reveals that the *Sykes* exception does not apply in this case. The claim should have been perceived and asserted in the trial court. Even addressed in terms of manifest injustice, the imposition of the *Sykes* forfeiture rule does not constitute a miscarriage of justice. *See also Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (ignorance of counsel or lack of knowledge of facts or law does not establish cause).

Because Hayes has not shown cause for the procedural default, the court need not consider whether Hayes suffered actual prejudice. *Sullivan v. Wainwright,* 695 F.2d 1306, 1311 n. 8 (11th Cir.1983) (*Sykes* requires cause *and* prejudice).

6. *Faulty Indictment.* Hayes asserts as a conclusion that the indictment under which he was tried was faulty. The indictment complied with the requirements of Ala.Code § 15–8–150(72) (1982) and the petitioner fails to allege any federal right related in any way to the indictment. The argument, therefore, is frivolous.

In accordance with this opinion, it is, ORDERED that the petitioner's motion for an evidentiary hearing be, and hereby is, DENIED. The respondents' motion for summary judgment is GRANTED. Pursuant to Fed.R.Civ.P. 56 and Habeas Corpus Rule 8(a) the court will by separate document enter judgment denying the petition for writ of habeas corpus and entering judgment in favor of the respondents.